# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CIARA M. FOX,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO.** |
| : | **1:12-CV-2509-TWT** |
| v. : | |
| : | |
| **SPRINT/UNITED MANAGEMENT** : | **[Magistrate Judge Baverman]** |
| **COMPANY; SPRINT/NEXTEL** : | |
| **CORPORATION; DAN R. HESSE;** : | |
| **OMAR JONES; and MICHAEL** : | |
| **HADERS,** : | |
| : | |
| **Defendants.** : | |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

In a previous Order, the Court granted Plaintiff *in forma pauperis* ("IFP") status and directed Plaintiff to file an amended complaint following a determination that the Court was unable to conduct a proper frivolity review. [*See* Doc. 2]. The undersigned now conducts a frivolity review of Plaintiff's amended complaint, [Doc. 4]. For the reasons below, the undersigned **RECOMMENDS** that (1) the claim against Defendant Hesse be **DISMISSED** as frivolous, (2) the claims against Defendants Jones and Hader be **PERMITTED TO PROCEED**, and (3) the claims against Sprint/United Management Company and Sprint/Nextel Corporation be **PERMITTED TO**

**PROCEED**, but that Plaintiff be **ORDERED** to state specifically which of the two corporate defendants was her employer and why, or whether she is contending that the corporate defendants constitute an integrated employer under the FMLA, and why.

**I.    Introduction**

On July 19, 2021, Plaintiff, proceeding *pro se*, filed an IFP application seeking to bring a civil action against Defendants for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* [Doc. 1.][1] On August 2, 2012, the Court granted Plaintiff's IFP application, but was unable to conduct a frivolity review because certain necessary information was not included in Plaintiff's complaint. [Doc. 2.] For that reason, the Court directed Plaintiff to file an amended complaint in accordance with instructions provided by the Court. [*Id.*] On August 17, 2012, Plaintiff filed an amended complaint. [Doc. 4]. The undersigned now turns to a frivolity review of this latest pleading.

---

[1] In her initial Complaint, Plaintiff brought two counts, one for interference and one for retaliation. In her Amended Complaint, Plaintiff only brings one claim, for interference. Therefore, the undersigned concludes that Plaintiff has abandoned her claim for retaliation. As a result, the undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's FMLA retaliation claim as abandoned.

2

**II. Frivolity Review**

    **A. Standard**

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). A claim is frivolous under § 1915(e)(2)(B)(I) "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Fernandez Rundle*, 393 Fed. Appx. 675, 678 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* complaint is liberally construed. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Still, the Court's power to dismiss a claim for frivolity differs and in some ways supercedes the power to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515

3

(11th Cir. 1991) (recognizing that frivolity review is different from Rule 12(b)(6) motions because judge performing frivolity examination is not required to assume the truth of the allegations). "Thus, wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the [*pro se*] litigant for linguistic imprecision in the more plausible allegations." *Miller*, 541 F3d at 1100.

**B.  Analysis**

Under the FMLA, eligible employees are entitled to up to 12 workweeks of unpaid leave during any 12-month period for any of several reasons, including "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). According to federal regulations, "an employee is unable to perform the functions of the position where the health care provider finds that the employee is unable to work at all or is unable to perform any one of the essential functions of the employee's position." 29 C.F.R. § 825.123(a) (internal quotation marks omitted). A "serious health condition" denotes "an illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital . . . or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Additionally, federal labor regulations state:

4

AO 72A
(Rev.8/82)

A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:

(a) Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:

> (1) Treatment two or more times, within 30 days of the first day of incapacity, unless extenuating circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>
> (2) Treatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider.
>
> (3) The requirement in paragraphs (a)(1) and (2) of this section for treatment by a health care provider means an in-person visit to a health care provider. The first (or only) in-person treatment visit must take place within seven days of the first day of incapacity.
>
> (4) Whether additional treatment visits or a regimen of continuing treatment is necessary within the 30-day period shall be determined by the health care provider.
>
> (5) The term "extenuating circumstances" in paragraph (a)(1) of this section means circumstances beyond the employee's control that prevent the follow-up visit from occurring as planned by the health care provider. Whether a given set of circumstances are extenuating depends on the facts. For example, extenuating circumstances exist if a health care provider determines that a second in-person visit

5

AO 72A
(Rev.8/82)

> > is needed within the 30-day period, but the health care provider does not have any available appointments during that time period.
>
> . . .
>
> > (c) Chronic conditions. Any period of incapacity or treatment for such incapacity due to a chronic serious health condition. A chronic serious health condition is one which:
> >
> > > (1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;
> > >
> > > (2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
> > >
> > > (3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

29 C.F.R. § 825.115.

The FMLA holds liable an employer "who interferes with or denies any rights provided to an employee" under the FMLA. *Wascura v. Carver*, 169 F.3d 683, 685 (11th Cir. 1999) (citing 29 U.S.C. § 2617(a)). An employer is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). The definition of employer also includes, in relevant part, "any person who acts, directly or

6

indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

The Eleventh Circuit has found that "individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of [the] FMLA." *Wacsura*, 169 F.3d at 686; *see also* 29 C.F.R. § 825.104(d). A corporate officer is individually liable if he is "involved in the day-to-day operation [of a facility or of the corporation's functions, "including compensation of employees or other matters 'in relation to an employee'"] or [has] some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) (discussing liability under the Fair Labor Standards Act ("FLSA").[2] Mere status as a corporate officer alone is insufficient for personal liability. *Id.*

Individuals who are supervisors and act, "directly or indirectly, in the interest of an employer" also can fall within the FMLA's definition of "employer" and may be subject to individual liability. 29 C.F.R. § 825.104(d); *see Waters v. Baldwin Cnty*, 936 F. Supp. 860, 863 (S.D. Ala. 1996) (finding that the plain language of 29 U.S.C.

---

[2] The Eleventh Circuit has determined that the FMLA definition of "employer" is "materially identical" to that used in the FLSA, and therefore it is appropriate to look to FLSA decisions in the absence of any FMLA decisions on point. *Wascura*, 169 F.3d at 685-86.

§ 2611(4)(A) includes supervisors as employers). In considering whether a supervisor falls within this definition, courts have looked to whether the supervisor exercised some control over an employee's ability to take protected leave or had the authority to hire and fire. *See Waters*, 936 F. Supp. at 863 (discussing decisions by other district courts); *see also Narodetsky v. Cardone Indus., Inc.*, No. 09-4734, 2010 WL 678288 (E.D. Pa. Feb. 24, 2010) (discussing FLSA cases where supervisors were subject to individual liability because they had sufficient control over terms and conditions of employment); *Rupnow v. TRC, Inc.*, 999 F. Supp. 1047, 1048 (N.D. Ohio 1998) ("[I]ndividual supervisors may be liable under the FMLA.")

### 1. Plaintiff's FMLA Claim

Plaintiff states that she was "incapacitated due to a serious health condition for more than 3 full calendar days," [Doc. 4 ¶ 45], and that her "claim also qualifies as a 'chronic condition' as Plaintiff had 7 documented visits to her Physician for episodes of a single underlying condition "as well as Chronic conditions, including, Chronic Malaise, Chronic Anxiety, Chronic Fatigue, Chronic Insomnia, Chronic Depression." [Doc. 4 ¶ 48]. She states that her healthcare provider "ordered Plaintiff to take time off to recover from the serious health condition," [Doc. 4 ¶ 42], and that she "was placed on a regimen of rest and medication under the supervision of

8

Physician." [Doc. 4 ¶ 47]. In addition, Plaintiff was placed on short term disability. [Doc. 4 ¶ 22.] Given these allegations, the liberal pleading rules in Rule 8(a), and the liberal construction of *pro se* complaints, the Court cannot say that the legal theories or factual contentions lack an arguable basis; thus, Plaintiff's FMLA claim for FMLA interference is not frivolous, except as to one of the individual defendants, Mr. Hesse, as discussed below.

### a. Individual Defendants

Plaintiff seeks to hold Daniel R. Hesse, Omar Jones, and Michael Haders liable under the FMLA.

#### i. *Defendant Hesse*

In her Amended Complaint, Plaintiff identifies Mr. Hesse as the CEO of Sprint Nextel Corporation, [Doc. 4 ¶ 10], and the President of Sprint/United Management, [Doc. 4 ¶ 11]. Plaintiff does not, however, provide any information to show that Mr. Hesse is properly part of this lawsuit. She does not allege that he was involved in any day-to-day functions that related to her or that he was responsible for supervising her. In fact, after the identification of Mr. Hesse in Paragraphs 10 and 11 of the Complaint, Plaintiff does not mention his name again. The undersigned concludes that the apparent claim against Mr. Hesse in his individual capacity is frivolous and

9

therefore **RECOMMENDS** that any claims against him be **DISMISSED**.

        **ii.**    *Defendant Jones*

Plaintiff alleges that Mr. Jones, district manager for Sprint Store #292, was notified "in each instance" of her "work related medical condition" and that he, along with Mr. Haders, terminated her employment. [Doc. 4 ¶¶ 12, 25, 32.] Although Plaintiff provides few details regarding Mr. Jones' duties, the allegations that Mr. Jones was notified of Plaintiff's condition and that he had a role in terminating Plaintiff's employment suggest that he was a supervisor with the necessary control over an employee's ability to take protected leave and the authority to hire and fire. Therefore, the undersigned concludes that the claim against Mr. Jones is not frivolous and **RECOMMENDS** that this claim be **PERMITTED TO PROCEED**.

        **iii.**    *Defendant Haders*

Plaintiff alleges that Mr. Haders, store manager for Sprint Store #292, was notified "in each instance" of her "work related medical condition"; that he sent Plaintiff a letter stating that if she did not return to work, "Plaintiff's absence would be considered a voluntary resignation and [her] employment would be terminated"; and that he, along with Mr. Jones, terminated her employment. [Doc. 4 ¶¶ 13, 25, 30, 32.] Although Plaintiff provides few details regarding Mr. Haders' duties, the allegations

10

that Mr. Haders was notified of Plaintiff's condition and that he had a role in terminating Plaintiff's employment suggest that he was a supervisor with the necessary control over an employee's ability to take protected leave and the authority to hire and fire. Therefore, the undersigned concludes that the claim against Mr. Haders is not frivolous and **RECOMMENDS** that this claim be **PERMITTED TO PROCEED**.

### b. Corporate Defendants

Plaintiff has named two corporate defendants, Sprint Nextel Corporation and Sprint/United Management Company, to which she refers collectively as "Sprint." [Doc. 4 ¶¶ 7-9.] Although the Amended Complaint clarifies that one is a subsidiary of the other, [Doc. 4 ¶ 9], Plaintiff has not fully explained how the two corporate defendants relate to Plaintiff, despite the Court's earlier instruction to Plaintiff to explain how the two corporate defendants are properly a part of this lawsuit, specifically how they relate to each other and to Plaintiff. [*See* Doc. 3 at 6]. For example, Plaintiff continues to state that she "was hired by Sprint." [Doc. 4 ¶ 19.] Still, at this phase of the litigation, the Court is unwilling to recommend dismissal since as parent and subsidiary companies, both corporate defendants could under certain circumstances be deemed an "integrated employer" under the FMLA. *See Cardinale v. Southern Homes of Polk County, Inc.*, 310 Fed. Appx. 311, 312-13 (11th Cir. Feb. 3,

AO 72A
(Rev.8/82)

2009); *Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1257 (11th Cir. 2004); 29 C.F.R. § 825.104(c)(2). Therefore, the undersigned **RECOMMENDS** that Plaintiff's claim against both corporate defendants be **PERMITTED TO PROCEED** but that Plaintiff be **ORDERED** to state specifically which of the two corporate defendants was her employer and why, or whether she is contending that the corporate defendants constitute an integrated employer under the FMLA, and why.

As to the substance of Plaintiff's claim against the corporate defendants, Plaintiff alleges that "Defendant" (presumably referring to one of the two corporate defendants) "employed in excess of 50 employees within 75 miles of the location where Plaintiff worked during 2010 or 2011," [Doc. 4 ¶ 38], that "Defendants" (presumably including one of the two corporate defendants) "failed to provide notice to Plaintiff regarding her rights and obligations pursuant to the FMLA," [Doc. 4 ¶ 43], and that "Defendant's" (again, presumably referring to one of the two corporate defendants) "unlawful conduct caused financial harm and other damages to Plaintiff as set forth herein." [Doc. 4 ¶ 50]. Given these allegations, the liberal pleading rules in Rule 8(a), and the liberal construction of *pro se* complaints, the Court cannot say that the legal theories or factual contentions lack an arguable basis; thus, Plaintiff's FMLA claim against Sprint Nextel Corporation and Sprint/United Management Company are not frivolous. The undersigned **RECOMMENDS** that the claims be **PERMITTED TO PROCEED**.

12

AO 72A
(Rev.8/82)

### III. Conclusion

For the reasons discussed, the undersigned **RECOMMENDS** that (1) the claim against Defendant Hesse be **DISMISSED** as frivolous, (2) the claims against Defendants Jones and Hader be **PERMITTED TO PROCEED**, and (3) the claims against Sprint/United Management Company and Sprint/Nextel Corporation be **PERMITTED TO PROCEED**, but that Plaintiff be **ORDERED** to state specifically which of the two corporate defendants was her employer and why, or whether she is contending that the corporate defendants constitute an integrated employer under the FMLA, and why.

**IT IS SO RECOMMENDED**, this 6th day of November, 2012.

          **ALAN J. BAVERMAN**
          **UNITED STATES MAGISTRATE JUDGE**

AO 72A (Rev.8/82)